IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, | ) | |
| Plaintiff, | ) | C.A. No. 12-1200 (SLR) |
| v. | ) | JURY TRIAL DEMANDED |
| GEVO, INC., | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

In response to Plaintiff Butamax™ Advanced Biofuels LLC's ("Butamax") Complaint, Defendant Gevo, Inc. ("Gevo") admits, denies, and avers as follows:

**THE PARTIES**

1. Gevo is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2. Gevo is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. The allegations in Paragraph 4 of the complaint contain legal conclusions and do not require a response. To the extent a response is required, Gevo denies the allegations set forth in Paragraph 4.

5. Gevo admits it is a corporation organized under the laws of the State of Delaware and that it has a registered Delaware agent. The remaining portions of paragraph 5 are legal

conclusions and do not require a response. To the extent a response is required, Gevo denies the allegations set forth in Paragraph 5.

6. The allegations in Paragraph 6 of the complaint contain legal conclusions and do not require a response. To the extent a response is required, Gevo denies the allegations set forth in Paragraph 6.

**BACKGROUND**

7. Gevo admits that the face of United States Patent No. 8,273,558 (the "'558 Patent") recites the information in this Paragraph of the Complaint. Gevo admits that U.S. Patent No. 7,851,188 is at issue in C.A. No. 11-cv-0054. Gevo is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint and therefore denies them.

8. Gevo admits that the '558 Patent purports to disclose and claim recombinant yeast host cells comprising genes encoding an engineered isobutanol biosynthetic pathway which increases production of isobutanol. Gevo denies all facts of Paragraph 8 of the Complaint not expressly admitted.

9. Denied.

10. Gevo admits that it makes and uses recombinant yeast host cells comprising genes encoding an engineered isobutanol biosynthetic pathway. Gevo denies all allegations in in Paragraph 10 not expressly admitted.

11. Gevo admits that its duly and legally issued U.S. Patent No. 8,232,089 (the "'089 Patent") discloses and claims recombinant yeast host cells. Gevo denies all allegations in Paragraph 11 not expressly admitted.

12. Gevo admits that its ’089 Patent discloses examples of recombinant yeast that recombinantly express acetohydroxy acid dehydratese enzyme, decarboxylase enzyme and alcohol dehydrogenase enzyme. Gevo denies all allegations in Paragraph 12 not expressly admitted.

13. Gevo admits that the quoted phrase is contained in a press release issued by Gevo.

14. Gevo admits that it has retrofitted an ethanol facility to produce isobutanol using recombinant yeast. Gevo denies all allegations in Paragraph 14 not expressly admitted.

15. Gevo admits that it has entered into contracts with third parties concerning the supply of isobutanol. Gevo denies all allegations in Paragraph 15 not expressly admitted.

16. Gevo admits that it has entered into collaborations with third parties concerning the production of isobutanol. Gevo denies all allegations in Paragraph 16 not expressly admitted.

17. Gevo admits that it had knowledge of the application leading to the ’558 Patent prior to the service of Butamax’s Complaint. Gevo denies that it had actual notice of potential infringement of potentially patentable subject matter contained therein. Gevo denies all allegations in Paragraph 17 not expressly admitted.

18. Denied.

**<u>COUNT I – PATENT INFRINGEMENT</u>**

19. Gevo incorporates by reference its Answers to Paragraphs 1-18 as if fully set forth herein.

20. Denied.

21. Denied.

## REQUEST FOR RELIEF

This section constitutes a request for relief to which a response is not required. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Gevo denies each and every such allegation. Specifically, Gevo denies that Butamax is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Gevo joins Butamax's request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Gevo denies any allegations in the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

### I. Non-Infringement of the '558 Patent

Gevo does not make, use, sell, offer to sell or import any recombinant yeast host cells that infringe any valid claim of the '558 Patent. Gevo does not infringe and has not infringed any valid claim of the '558 Patent.

### II. Invalidity of the '558 Patent

The '558 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 116.

### III. Prosecution History Estoppel

Butamax is estopped from asserting any scope of the '558 Patent that would cover Gevo's use of recombinant yeast host cells because of statements made during prosecution of the application leading to the '558 Patent.

## IV. Limitation on Damages

Butamax's claim for monetary relief, if any, is limited by 35 U.S.C. § 287.

## V. Injunctive Relief

Butamax is not entitled to injunctive relief because any injury to Butamax is not immediate or irreparable, and Butamax has an adequate remedy at law.

## VI. Reservation of Additional Separate Defenses

Gevo reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Gevo, Inc. ("Gevo") counterclaims against Butamax™ Advanced Biofuels LLC ("Butamax"), as follows:

### The Parties

1. Gevo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Englewood, Colorado.

2. Butamax is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. Butamax is jointly owned by DuPont and B.P. p.l.c. ("BP").

3. On information and belief, Butamax was formed in July 2009 for the purpose of commercializing technology that BP along with DuPont have been jointly developing since 2004.

**Jurisdiction and Venue**

4. This action arises under the Declaratory Judgment Act and the patent laws of the United States, including Title 35, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over Butamax based on, inter alia, Butamax filing this lawsuit in this Jurisdiction.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d).

**The Patent-in-Suit**

7. The ’558 Patent, on its face, is titled “Fermentive Production of Four Carbon Alcohols” and states its issue date as September 25, 2012.

8. On information and belief, Butamax is the owner of the ’558 Patent.

**FIRST COUNTERCLAIM**
**(Declaration of Invalidity of the ’558 Patent)**

9. Gevo incorporates by reference paragraphs 1-8 of its counterclaims as if fully set forth herein.

10. The claims of the ’558 Patent are invalid for failing to meet one or more requirements of patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq.

11. A definite and concrete, real and substantial, judicial controversy exists between Gevo and Butamax concerning the validity of the ’558 Patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

12. Gevo is entitled to a declaration that the ’558 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Gevo requests the following relief:

(a) Dismissing Butamax's Complaint with prejudice and denying each request for relief made by Butamax;

(b) Declaring that Gevo does not infringe any claim of the '558 Patent;

(c) Declaring that the '558 Patent is invalid;

(d) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Gevo its attorneys' fees, costs, and expenses in this action; and

(e) Awarding Gevo such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Gevo hereby demands trial by jury in this action on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Gevo, Inc.*

OF COUNSEL:

Gerald J. Flattmann
Preston K. Ratliff, II
Joseph O'Malley, Jr.
Anthony Michael
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

James P. Brogan
Carolyn V. Juarez
Ann Marie Byers
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

Michelle S. Rhyu
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000
September 27, 2012

November 5, 2012

6651418

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 5, 2012, upon the following in the manner indicated:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Butamax™ Advanced Biofuels LLC*

BY ELECTRONIC MAIL

Richard A. De Sevo, Esquire
Hank Heckel, Esquire
Abigail Langsam, Esquire
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
*Attorneys for Butamax™ Advanced Biofuels LLC*

BY ELECTRONIC MAIL

Daniel Forchheimer, Esquire
Leora Ben-Ami, Esquire
Thomas F. Fleming, Esquire
Christopher T. Jagoe, Esquire
Sharon H. Billington, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Attorneys for Butamax™ Advanced Biofuels LLC

BY ELECTRONIC MAIL

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan (#5239)